JS 44 (Rev. 12/07) (cand rev 1-08) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**E-filing**

**BZ**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Michelle Francis | Telecare Corporation |

| (b) County of Residence of First Listed Plaintiff Contra Costa | County of Residence of First Listed Defendant Alameda |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Michael C. Cohen, State Bar No. 65487 | Jeffrey L. Adams, State Bar No. 148393 |
| Law Offices of Michael C. Cohen | Littler Mendelson, P.C. |
| 1814 Franklin Street, Suite 900 | 1255 Treat Boulevard, Suite 600 |
| Oakland, California 94612 (510) 832-6436 | Walnut Creek, California 94597 (925) 932-2468 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State. | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA(1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
Transferred from another district (specify)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964, As Amended

Brief description of cause:
Race discrimination in employment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE."

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE
May 14, 2008

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com



1   JEFFREY L. ADAMS, Bar No. 148393
    LITTLER MENDELSON
2   A Professional Corporation
    1255 Treat Blvd., Suite 600
3   Walnut Creek, CA 94597
    Telephone:   (925) 932-2468
4   Facsimile:   (925) 946-9809          E-filing

5   Attorneys for Defendant
    TELECARE CORPORATION
6

7

8                       UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        CV    U 6         2 4 6 8

11  MICHELLE FRANCIS,                    No. _____
                                                                         BZ
12              Plaintiff,
                                         NOTICE OF REMOVAL OF CIVIL
13       v.                              ACTION UNDER 28 U.S.C. § 1441(b)
                                         (FEDERAL QUESTION)
14  TELECARE CORPORATION,
    DOES 1 through 10,
15
                Defendants.
16

17

18           TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE

19  NORTHERN DISTRICT OF CALIFORNIA:

20           PLEASE TAKE NOTICE that Defendant Telecare Corporation ("Defendant") hereby

21  removes the above-entitled action from the Superior Court of the State of California, County of

22  Alameda, to the United States District Court for the Northern District of California on the grounds

23  that this Court has original jurisdiction under 28 U.S.C. § 1331 (Federal Question), and this action is

24  one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446.

25           In support of this Notice of Removal of Civil Action, Defendant states:

26           1.      On or about January 9, 2008, Plaintiff Michelle Francis ("Plaintiff") filed her

27  Civil Complaint For Violation of Title VII of the Civil Rights Act of 1964, As Amended in the

28  Superior Court of the State of California, County of Alameda entitled *Michelle Francis, Plaintiff, v.*

                          NOTICE OF REMOVAL OF CIVIL ACTION

*Telecare Corporation, DOES 1 to 10, Defendants,* Case No. RG 08365014 ("Complaint"). Plaintiff's Complaint alleges, *inter alia*, that Defendant violated the Title VII of the Civil Rights Act of 1964 ("Title VII"), set forth in 42 U.S.C. § 2000(e) *et seq.*

2.      The first date upon which Defendant received a copy of the Complaint was April 14, 2008 when Defendant was served with a Summons and a copy of the Complaint. A true and correct copy of all process, pleadings, and orders served upon Defendant in the State court action is being filed with this Notice, as required by 28 U.S.C. § 1446(a), and are attached as **Exhibit 1.**

3.      Defendant has filed this Notice of Removal within thirty (30) days after receipt of the initial pleading setting forth a removable claim and it is timely filed under 28 U.S.C. § 1446(b).

4.      This Court has original jurisdiction of this case because the lawsuit arises under federal law. Plaintiff's Complaint alleges, *inter alia*, causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*    Specifically, Plaintiff alleges discrimination on the basis of race and other violations under Title VII. Because these claims arise under the laws of the United States, this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(b).

5.      In her Complaint, Plaintiff also asserts a state law claim for discrimination on the basis of race and other violations under the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940, *et seq.*    These claims fall within the Court's supplemental jurisdiction. Where a federal court has subject matter jurisdiction over federal question claims, it may assert supplemental jurisdiction over any other state claim arising out of the same operative facts. *See* 28 U.S.C. § 1367(a). In the present case, both the state and federal claims derive from a single set of operative facts. Indeed, by filing a single action, Plaintiff has demonstrated an expectation that all of her claims will be considered in a single lawsuit. Consequently, because Plaintiff's State law claims are sufficiently intertwined with their federal claim in a single proceeding, this Court has supplemental jurisdiction over Plaintiff's State law claims.

NOTICE OF REMOVAL OF CIVIL ACTION

6.      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district embracing the place where the State action is pending.

7.      The Notice to Adverse Party of Removal to Federal Court was filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. §1446(d), and a copy is attached as **Exhibit 2**.

8.      The Notice to State Court of Removal of Civil Action to Federal Court was filed in state court and served simultaneously herewith, in accordance with 28 U.S.C. § 1446(d), and a copy is attached as **Exhibit 3**.

RESPECTFULLY SUBMITTED this 14th day of May, 2008.

JEFFREY L. ADAMS (Bar No. 148393)
LITTLER MENDELSON
1255 Treat Blvd., Suite 600
Walnut Creek, CA  94597
Tel.:  (925) 932-2468
Fax:  (925) 946-9809
*Attorneys for Defendant, Telecare Corporation*

Firmwide:85177955.1 008313.1143

3.

# SUMMONS
## *(CITACION JUDICIAL)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
TELECARE CORPORATION, DOES 1 to 10

F I L E D
ALAMEDA COUNTY

JAN 0 9 2008

CLERK OF THE SUPERIOR COURT
By _____
                                    Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
MICHELLE FRANCIS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Alameda County Superior Court <br> 1225 Fallon Street <br> Oakland, CA 94612 | CASE NUMBER: <br> *(Número del Caso):* <br> **08365014** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael C. Cohen, Esq.            1814 Franklin Street, Suite 900
Oakland, CA 94612                 510-832-6436

| DATE: **JAN 0 9 2008** <br> *(Fecha)* | **PAT S. SWEETEN** | Clerk, by _____, Deputy <br> *(Secretario)*          *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004] <br> Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Francis v. Telecare



1  Michael C. Cohen, Esq., Bar No. 65487
   **LAW OFFICES OF MICHAEL C. COHEN**
2  1814 Franklin Street, Suite 900
   Oakland, CA 94612
3  (510) 832-6436

4  Attorneys for Plaintiff

5

6

7       SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

8                    UNLIMITED JURISDICTION

9

10 MICHELLE FRANCIS,                    RG 08365014
                                Case No.
11
                  Plaintiff,    COMPLAINT FOR VIOLATION OF
12                              TITLE VII OF THE CIVIL RIGHTS
   vs.                          ACT OF 1964, AS AMENDED
13
   TELECARE CORPORATION,
14 DOES 1 to 10,

15                Defendants.
   _____/
16

17                   **GENERAL ALLEGATIONS**

18     Plaintiff, Michelle Francis, alleges:

19     1.    Plaintiff Michelle Francis (hereinafter referred to as

20 "Plaintiff") is an adult African American female, who at all

21 relevant times resides in the county of Contra Costa, state of

22 California.

23     2.    Defendant Telecare Corporation, (hereinafter referred

24 to as Defendant) at all times mentioned herein mentioned is a

25 corporation organized and existing in the state of California and

26 doing business in Alameda county, California.

27     3.    Plaintiff is ignorant of the true names and capacities

28 Complaint                      -1-



1    of the defendants sued herein as DOES 1 to 10, inclusive and
2    therefore sues these defendants by such fictitious names.
3    Plaintiff will amend this complaint to allege their true names
4    and capacities when ascertained.  Plaintiff is informed and
5    believes and thereon alleges that each of the fictitiously named
6    defendants is responsible as hereinafter shown for the
7    occurrences and injuries alleged in this complaint.

8        4.   Plaintiff is informed and believes, and thereon
9    alleges, that at all times herein mentioned, each DOE, defendant
10   named herein was the agent and/or employee of the remaining DOE
11   defendants, and in doing the things hereinafter alleged, was
12   acting within the course and scope of such agency and/or
13   employment.

14       5.   The unlawful employment practices complained of herein
15   occurred in Alameda County, state of California.

16       6.   Plaintiff is a person protected by Title VII of the
17   Civil Rights Acts, as amended in 1964, in that she is a member of
18   a racial minority group, (African American).

19       7.   Defendant is an employer, which at all relevant times
20   did business in Alameda county, State of California, and is an
21   entity subject to suit under Title VII of the Civil Rights Act,
22   as amended in 1964, in that defendant is an employer who at all
23   relevant times regularly employed more than fifty (50) people.

24       8.   Plaintiff, started working for Defendant in November
25   2000.  She was hired as a permanent employee in July 2001, as a
26   "help desk operator".  Approximately August 2005, her title
27   changed to "information systems coordinator".  She worked for
28   Complaint                    -2-



1  defendant as an "information systems coordinator from

2  approximately August 2005, until she voluntarily terminated her

3  employment on or about May 18, 2006.

4      9.  Plaintiff terminated her employment with Telecare

5  Corporation (employer) on or about May 18, 2006.  She requested

6  employer to distribute her Employee Stock Option Plan (hereafter

7  ESOP) money in December 2006, in March 2007 and in April 2007.

8  In March and April the employer advised the claimant that it

9  would be sending her ESOP packet and that the claimant would

10  receive her ESOP packet by the end of May or early June 2007 and

11  that she should have her distribution by the end of June 2007.

12      10.  On May 30, and on or about June 4,  2007, the claimant

13  complained to the Department of Labor that the employer was

14  unfairly refusing to distribute her ESOP money.  The Department

15  of Labor notified the employer of the claimant's complaint.

16  Thereafter, the employer sent to the Department of Labor a copy

17  of "Distribution Policy: Telecare Corporation Employee Stock

18  ownership Plan for distributions that occur on or after July 1,

19  2005" as well as the "Telecare Employee Stock Ownership Plan

20  summary Plan Description".  Telecare changed its distribution

21  plan policy after claimant terminated her employment with the

22  employer.

23      11.  The plaintiff has not received her ESOP packet or her

24  ESOP money as of today.  Other non African American employees

25  whose employment terminated with the employer after plaintiff's

26  employment was terminated, have received their ESOP distribution

27  before their plan year end date.  The employer applied its

28  Complaint                    -3-



1   distribution plan policy in a discriminatory manner regarding the

2   claimant because of the claimant's race and in retaliation

3   against the plaintiff for the plaintiff complaining to the

4   Department of Labor to make the claimant wait an unreasonably

5   long period time to receive her ESOP distribution.  The employer

6   was motivated by the plaintiff's race and or retaliation against

7   the claimant for the claimant filing a complaint against the

8   unlawful discrimination.

9        12.  Plaintiff filed her lawsuit herein within ninety (90)

10  days of receipt of the Right To Sue Letter from EEOC.

11       13.  Defendant's conduct alleged herein violates Title VII

12  of the 1964 Civil Rights Act, as amended.

13       14.  Plaintiff exhausted her administrative remedy

14  before filing his lawsuit herein.

15       15.  Plaintiff, on or about October 19, 2007, filed a

16  complaint with Equal Employment Opportunity Commission,

17  (hereinafter referred to as "EEOC") which is designated by EEOC

18  as complaint #555-2008-00042.  A copy of the EEOC complaint is

19  marked Exhibit A, attached hereto and incorporated herein by this

20  reference.

21       16.  On or about October 19, 2007, EEOC issued a Right To

22  Sue Letter to plaintiff.  A copy of the EEOC Right To Sue Letter

23  is marked Exhibit B, attached hereto and incorporated herein by

24  this reference.

25       17.  Plaintiff filed her complaint herein within ninety days

26  of receipt of the EEOC Right To Sue Letter.

27       18.  Defendant, despite knowledge and or adequate

28  Complaint                    -4-



1  opportunity to learn of the misconduct of its agents and or

2  employees, retained said defendants, agents and or employees in

3  its service, and thereafter adopted, approved and ratified the

4  acts, omissions and misconduct of said employees.

5       19.   The conduct of defendants, and each of them, alleged

6  herein was willful, wanton, malicious, and oppressive, in that

7  they knew or should have known that their conduct was

8  unreasonable and illegal.   Furthermore, defendants' acts were

9  carried out in willful and conscious disregard of plaintiff's

10  rights and well-being such as to constitute malicious, despicable

11  conduct within the meaning of California Civil Code §3294,

12  entitling plaintiff to punitive damages in an amount appropriate

13  to punish or make an example of defendants.

14       20.   Defendant's conduct proximately caused plaintiff to

15  retain an attorney to represent her, because of the acts of

16  defendants, alleged herein.   The amount of attorney fees has not

17  been fully determined at this time; the amount of attorney fees

18  will be shown according to proof at the time of trial.

19       21.   As a proximate cause of Defendant's conduct, Plaintiff

20  has suffered emotional distress, worry, anxiety, loss of income,

21  incurred medical expenses, and incurred attorney fees, and is

22  reasonably certain to suffer emotional distress, lose income,

23  incur medical expenses and attorney fees in the future.

24                    **FIRST CAUSE OF ACTION**

25         **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
           **OF 1964, AS AMENDED**
26

27       22.   Plaintiff realleges and incorporates by reference

28  Complaint                    -5-

1 Paragraphs 1 through 21, of the Complaint as though fully set

2 forth at length herein.

3     23. Defendants, and each of them, violated Plaintiff's

4 legal rights by doing the acts complained of herein; said acts

5 include but are not limited to:

6     a. Discriminating against plaintiff in the manner in which

7 they distribute plaintiff's employee stock option benefits

8 retirement, based on plaintiff's race;

9     b. Retaliating against plaintiff for complaining to

10 Department of Labor about defendant's alleged unfair labor

11 practices;

12     c. Failure to take immediate and appropriate corrective

13 action to remedy the unlawful employment discrimination and or

14 harassment and/or retaliation;

15     d. Failure to take all reasonable steps necessary to

16 prevent discrimination and or harassment and or retaliation from

17 occurring on the job;

18     24. In doing each and all of the acts alleged herein, said

19 defendants, and each of them, intentionally, willfully, and

20 without justification, attempted to and did deprive Plaintiff of

21 her rights, privileges and immunities secured to her by the

22 Constitution and laws of the United States of America,

23 particularly her right to be free from discrimination in

24 employment based on her race and or in retaliation for

25 complaining of discrimination, in violation of Title VII of the

26 Civil Rights Act of 1964, as amended.

27 *////*

28 Complaint                 -6-

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA GOVERNMENT
CODE SECTION 12940 ET SEQ.**

25.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 11, 18 through 23 of the Complaint as though fully set forth at length herein.

26.   In doing each and all of the acts alleged herein, said defendants, and each of them, intentionally, willfully, and without justification, attempted to and did deprive Plaintiff of her rights, privileges and immunities secured to her by the Constitution and laws of the State of California, particularly her right to be free from discrimination in employment based on her race and or in retaliation for complaining of discrimination, in violation California Government Code section 12940, et seq.

27.   Plaintiff, on or about October 19, 2007, filed a complaint with the Department of Fair Employment and Housing, (hereinafter referred to as "DFEH") which is designated by EEOC as charge 555-2008-00042.  A copy of EEOC charge 555-2008-00042 is marked Exhibit A, attached hereto and incorporated herein by this reference.

28.   On or about October 19, 2007, DFEH issued a Right To Sue Letter to plaintiff.  A copy of the DFEH Right To Sue Letter is marked Exhibit C, attached hereto and incorporated herein by this reference.

29.   Plaintiff filed her lawsuit within one year from the date on which she received her Right To Sue Letter from the DFEH.

////

Complaint                          -7-



1                               **PRAYER**

2         **WHEREFORE**, Plaintiff prays for judgement against all

3    Defendants, and each of them as follows:

4         1.    Compensatory and special damages, including damages for

5    mental and emotional distress, in an amount to be determined at

6    the time of trial;

7         2.    Special damages including Lost income, past and future;

8    medical expenses, past and future;

9         3.    Punitive and exemplary damages in an amount appropriate

10   to punish and/or make an example of the Defendants sued

11   individually herein to be determined at trial;

12        4.    Reasonable attorney fees;

13        5.    Costs of suit incurred herein;

14        6.    Prejudgment interest at the legal rate on the amount of

15   Plaintiff's lost wages and employment benefits; and

16        7.    Such other and further relief as the Court deems just

17   and proper.

18   Dated: January 7, 2008          LAW OFFICES OF MICHAEL C. COHEN

19

20                                 By: _____

21                                    MICHAEL C. COHEN,
                                       Attorney for Plaintiff

22

23

24

25

26

27

28   Complaint                        -8-

EEOC CHARGE # 555-2008-00042

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION COMPLAINT &
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING COMPLAINT
AGAINST TELECARE CORPORATION

COMPLAINANT:
Michelle Francis
2255 Old Creek Circle
Pittsburg, CA 94565
510-501-7911
SS# 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

**RECEIVED**

OCT 1 9 2007

**EEOC - OLO**

ADDRESS WHERE NOTICES ARE TO BE SENT:
Michael C. Cohen
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612
tele. NO. 510-832-6436

SUBJECT: Employment discrimination, harassment based on race and retaliation for claimant
complaining to the Department of Labor about employer's unfair labor practices and
discrimination in regarding the employer's administration of its employee stock ownership plan.

EMPLOYER:
Telecare Corporation
1080 Marina Village Parkway, Suite 100
Alameda, CA 94501-1078

JOB TITLE:
Information Systems Coordinator

FACTS SUPPORTING CLAIM OF DISCRIMINATION/HARASSMENT BASED ON RACE
AND RETALIATION:

Claimant terminated her employment with Telecare Corporation (employer) on or about
May 18, 2006. She requested employer to distribute her Employee Stock Option Plan (hereafter
ESOP) money in December 2006, in March 2007 and in April 2007. In March and April the
employer advised the claimant that it would be sending her ESOP packet and that the claimant
would receive her ESOP packet by the end of May or early June 2007 and that she should have
her distribution by the end of June 2007.

EEOC CHARGE # 555-2008-00042

**RECEIVED**

Michelle Francis
EEOC Complaint
September 21, 2007
Page 2

OCT 1 9 2007

**EEOC - OLO**

On May 30, and on or about June 4, 2007, the claimant complained to the Department of Labor that the employer was unfairly refusing to distribute her ESOP money. The Department of Labor notified the employer of the claimant's complaint. Thereafter, the employer sent to the Department of Labor a copy of "Distribution Policy: Telecare Corporation Employee Stock ownership Plan for distributions that occur on or after July 1, 2005" as well as the "Telecare Employee Stock Ownership Plan summary Plan Description". Telecare changed its distribution plan policy after claimant terminated her employment with the employer.

The claimant has not received her ESOP packet or her ESOP money as of today. Other non African American employees whose employment terminated with the employer after plaintiff's employment was terminated, have received their ESOP distribution before their plan year end date. The employer applied its distribution plan policy in a discriminatory manner regarding the claimant because of the claimant's race and in retaliation against the claimant for the claimant complaining to the Department of Labor to make the claimant wait an unreasonably long period time to receive her ESOP distribution. The employer was motivated by the claimant's race and or retaliation against the claimant for the claimant filing a complaint against the employer with the Department of Labor.

I declare under penalty of perjury, pursuant to the laws of the state of California and the United States of America, that the statements herein are true and correct and that this declaration was executed in Oakland, California on September 21, 2007.

Michelle Francis



EEOC Form 161-B (3/98)

**U. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Michelle Francis<br>2255 Old Creek Circle<br>Pittsburg, CA 94565 | From: | Oakland Local Office<br>1301 Clay Street<br>Suite 1170-N<br>Oakland, CA 94612 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **555-2008-00042** | **Julian F. Melendres,**<br>**Investigator Support Asst** | **(510) 637-3242** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*for*    **Michelle L. Nardella,**
**Director**

10/19/07
*(Date Mailed)*

c:   **Chief Executive Officer**
**TELECARE CORPORATION**
**1080 Marina Village Pkwy., Ste 100**
**Alameda, CA 94501**

STATE OF CALIFORNIA - State and Consumer Services Agency                                           ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
### (SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

☐ 1001 Tower Way, Suite 250
   Bakersfield, CA 93309
H  (661) 395-2729

☐ 1320 E. Shaw Avenue, Suite 150
   Fresno, CA 93710
C  (559) 244-4760

☐ 611 West Sixth Street, Suite 1500
   Los Angeles, CA 90017
S/T (213) 439-6799

☒ 1515 Clay Street, Suite 701
   Oakland, CA 94612
M  (510) 622-2941

☐ 2000 "O" Street, Suite 120
   Sacramento, CA 95814
E  (916) 445-5523

☐ 1350 Front Street, Suite 3005
   San Diego, CA 92101
D  (619) 645-2681

☐ San Francisco District Office
   1515 Clay Street, Suite 701
A  Oakland, CA 94612
   (510) 622-2973

☐ 111 North Market Street, Suite 810
   San Jose, CA 95113
J  (408) 277-1277

☐ 2101 East Fourth Street, Suite 255-B
   Santa Ana, CA 92705
J  (714) 558-4266

**EEOC Number:**    **555-2008-00042**
**Case Name:**    **Michelle Francis v. Telecare Corp.**
**Date:**    **October 19, 2007**

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**<u>No response to the DFEH is required by the respondent.</u>**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

1  JEFFREY L. ADAMS, Bar No. 148393
   LITTLER MENDELSON
2  A Professional Corporation
   1255 Treat Blvd., Suite 600
3  Walnut Creek, CA 94597
   Telephone:   (925) 932-2468
4
   Attorneys for Defendant
5  TELECARE CORPORATION
6

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

MAY 1 3 2008

**CLERK OF THE SUPERIOR COURT**
**By** _____ S. Halcrombe

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10  MICHELLE FRANCIS,                    Case No. RG 08365014

11              Plaintiff,
                                         **DEFENDANT TELECARE**
12      v.                               **CORPORATION'S ANSWER TO**
                                         **PLAINTIFF'S COMPLAINT FOR**
13  TELECARE CORPORATION,                **VIOLATION OF TITLE VII OF THE CIVIL**
    DOES 1 through 10,                   **RIGHTS ACT OF 1964, AS AMENDED**
14
                Defendants.
15

16      Defendant TELECARE CORPORATION (hereinafter "Defendant"), hereby answers

17  Plaintiff MICHELLE FRANCIS' (hereinafter "Plaintiff") Complaint For Violation of Title VII of

18  the Civil Rights Act of 1964, As Amended. Defendant generally and specifically denies each and

19  every allegation in Plaintiff's Complaint pursuant to Section 431.30(d) of the California Code of

20  Civil Procedure and asserts the following affirmative defenses:

21      1.      Plaintiff's Complaint and each purported cause of action therein, or both of them, fail

22  to state facts sufficient to constitute a cause of action against Defendant.

23      2.      The alleged claims for relief and each of them are barred in whole or in part by the

24  applicable statutes of limitation found in California Government Code §§ 12960 and 12965 and in

25  42 U.S.C. § 2000e-5.

26      3. Plaintiff's Complaint is barred in whole or in part by reason of her failure to timely or

27  otherwise exhaust her administrative remedies.

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1    4. Any recovery by Plaintiff herein must be offset by the amount which Plaintiff did recover

2    or could have, through reasonable efforts, recovered in mitigation of her alleged injuries.

3    5. Plaintiff's Complaint is barred in whole or in part by Plaintiff's own unclean hands,

4    equitable and/or judicial estoppel and/or the waiver doctrine.

5    6. Each cause of action in the Complaint is barred to the extent authorized by law on account

6    of the privilege under Civil Code § 47(c).

7    7. All claims set forth in Plaintiff's Complaint which are not encompassed in Plaintiff's

8    complaints, if any, filed with the California Department of Fair Employment and Housing and the

9    Equal Employment Opportunity Commission are barred for failure to exhaust administrative

10   remedies with respect thereto.

11   8. To the extent Plaintiff filed this action after the time allotted to her in any notice of right

12   to sue provided to her by the Equal Employment Opportunity Commission, her claims in her First

13   Cause of Action are barred.

14   9. To the extent Plaintiff filed this action after the time allotter to her in any notice of right to

15   sue provided to her by the California Department of Fair Employment and Housing, her Second

16   Cause of Action is barred.

17   10.    Defendant alleges that a reasonable opportunity for investigation and discovery may

18   reveal and, on that basis, allege that evidence acquired subsequent to Plaintiff's filing of the

19   Complaint bars and/or limits the amount of damages Plaintiff can recover on her claims, assuming

20   arguendo she is able to establish Defendant's liability.

21   11.    Defendant does not presently know all facts respecting the conduct of Plaintiff

22   sufficient to state all affirmative defenses at this time. Defendant reserves the right to amend this

23   Answer should it later discovery facts demonstrating the existence of additional affirmative

24   defenses.

25   12.    Defendant's actions about which Plaintiff complains were just, fair, privileged,

26   justified, non-discriminatory and for legitimate reasons.

27   13.    Defendant alleges that any conduct by Defendant of which Plaintiff complains was

28   required by business necessity.

2.

14.    Defendant alleges that Plaintiff's claims are barred or Plaintiff's recovery of damages must be reduced or denied under the doctrine of after-acquired evidence.

15.    Plaintiff's claims are preempted in whole or in part by the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a) and /or 29 U.S.C. § 1132(a).

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1.    That Plaintiff take nothing and that the Complaint be dismissed in its entirety with prejudice;

2.    That judgment be entered in Defendant's favor;

3.    That Defendant be awarded its attorneys' fees and costs of suit herein (to the extent permitted under applicable law); and

4.    That Defendant be awarded such other, further relief as the Court deems just and proper.

Dated:   May 13, 2008

JEFFREY L. ADAMS
LITTLER MENDELSON, A Professional Corporation

ATTORNEYS FOR DEFENDANT,
TELECARE CORPORATION

3.

1

## PROOF OF SERVICE BY MAIL

2          I am employed in Contra Costa County, California.  I am over the age of eighteen

3   years and not a party to the within-entitled action. My business address is Treat Towers, 1255 Treat

4   Boulevard, Suite 600, Walnut Creek, California  94597.  I am readily familiar with this firm's

5   practice for collection and processing of correspondence for mailing with the United States Postal

6   Service.  On **May 13, 2008**, I placed with this firm at the above address for deposit with the United

7   States Postal Service a true and correct copy of the within document(s):

8   **DEFENDANT TELECARE CORPORATION'S ANSWER TO PLAINTIFF'S
    COMPLAINT FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
9   **OF 1964, AS AMENDED**

10
            in a sealed envelope, postage fully paid, addressed as follows:
11

12      Michael C. Cohen, Esq.
        Law Offices of Michael C. Cohen
        1814 Franklin Street, Suite 900
13      Oakland, CA  94612

14      (*Attorney for Plaintiff*)

15
            Following ordinary business practices, the envelope was sealed and placed for
16
    collection and mailing on this date, and would, in the ordinary course of business, be deposited with
17
    the United States Postal Service on this date.
18
            I declare under penalty of perjury under the laws of the State of California that the
19
    above is true and correct.
20
            Executed on **May 13, 2008**, at Walnut Creek, California.
21

22

23                                                    Diane Perry

24

25

26

27

28

'TLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
alnut Creek CA 94597
925.932.2468

PROOF OF SERVICE

1   JEFFREY L. ADAMS, Bar No. 148393
    LITTLER MENDELSON
2   A Professional Corporation
    1255 Treat Blvd., Suite 600
3   Walnut Creek, CA 94597
    Telephone:    (925) 932-2468
4
    Attorneys for Defendant
5   TELECARE CORPORATION

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF ALAMEDA

10  MICHELLE FRANCIS,                    Case No. RG 08365014

11          Plaintiff,
                                         **NOTICE TO ADVERSE PARTY OF**
12      v.                               **REMOVAL TO FEDERAL COURT**

13  TELECARE CORPORATION,
    DOES 1 through 10,
14
            Defendants.
15

16

17          TO PLAINTIFF MICHELLE FRANCIS AND HER ATTORNEYS OF RECORD:

18          PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

19  States District Court for the Northern District of California on May 14, 2008. A copy of the said

20  Notice of Removal is attached to this Notice, and is served and filed herewith.

21

22  Dated:   May 14, 2008

23

24                                       JEFFREY L. ADAMS
                                         LITTLER MENDELSON, A Professional Corporation
25
                                         ATTORNEYS FOR DEFENDANT,
26                                       TELECARE CORPORATION

27

28

    NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

1

## PROOF OF SERVICE BY MAIL

2          I am employed in Contra Costa County, California. I am over the age of eighteen

3  years and not a party to the within-entitled action. My business address is Treat Towers, 1255 Treat

4  Boulevard, Suite 600, Walnut Creek, California  94597. I am readily familiar with this firm's

5  practice for collection and processing of correspondence for mailing with the United States Postal

6  Service. On **May 14, 2008**, I placed with this firm at the above address for deposit with the United

7  States Postal Service a true and correct copy of the within document(s):

8              **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

9

10          in a sealed envelope, postage fully paid, addressed as follows:

11  Michael C. Cohen, Esq.
    Law Offices of Michael C. Cohen
12  1814 Franklin Street, Suite 900
    Oakland, CA  94612

13  (*Attorney for Plaintiff*)

14
15          Following ordinary business practices, the envelope was sealed and placed for

16  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

17  the United States Postal Service on this date.

          I declare under penalty of perjury under the laws of the State of California that the
18
    above is true and correct.
19
          Executed on **May 14, 2008**, at Walnut Creek, California.
20

21
                                                    Diane Perry
22

23  Firmwide:85212994.1 008313.1143

24

25

26

27

28

TLER MENDELSON
a.i i.s.ues. Compensation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1   JEFFREY L. ADAMS, Bar No. 148393
    LITTLER MENDELSON
2   A Professional Corporation
    1255 Treat Blvd., Suite 600
3   Walnut Creek, CA 94597
    Telephone:    (925) 932-2468
4
    Attorneys for Defendant
5   TELECARE CORPORATION

6

7

8                        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                   COUNTY OF ALAMEDA

10  MICHELLE FRANCIS,                          Case No. RG 08365014

11              Plaintiff,
                                               **NOTICE TO STATE COURT OF**
12      v.                                     **REMOVAL OF CIVIL ACTION TO**
                                               **FEDERAL COURT**
13  TELECARE CORPORATION,
    DOES 1 through 10,
14
                Defendants.
15

16

17          PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

18  States District Court for the Northern District of California on May 14, 2008. A copy of the said

19  Notice of Removal is attached to this Notice, and is served and filed herewith.

20

21  Dated: May 14, 2008

22

23                                      JEFFREY L. ADAMS
                                        LITTLER MENDELSON, A Professional Corporation
24
                                        ATTORNEYS FOR DEFENDANT,
25                                      TELECARE CORPORATION

26

27

28

    NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1

## PROOF OF SERVICE BY MAIL

2          I am employed in Contra Costa County, California. I am over the age of eighteen

3   years and not a party to the within-entitled action. My business address is Treat Towers, 1255 Treat

4   Boulevard, Suite 600, Walnut Creek, California  94597. I am readily familiar with this firm's

5   practice for collection and processing of correspondence for mailing with the United States Postal

6   Service. On **May 14, 2008**, I placed with this firm at the above address for deposit with the United

7   States Postal Service a true and correct copy of the within document(s):

8              **NOTICE TO STATE COURT OF REMOVAL OF**
               **CIVIL ACTION TO FEDERAL COURT**
9

10          in a sealed envelope, postage fully paid, addressed as follows:

11   Michael C. Cohen, Esq.
     Law Offices of Michael C. Cohen
12   1814 Franklin Street, Suite 900
     Oakland, CA  94612
13
     (*Attorney for Plaintiff*)
14

15          Following ordinary business practices, the envelope was sealed and placed for

16   collection and mailing on this date, and would, in the ordinary course of business, be deposited with

17   the United States Postal Service on this date.

18          I declare under penalty of perjury under the laws of the State of California that the

19   above is true and correct.

20          Executed on **May 14, 2008**, at Walnut Creek, California.

21

22

23                                                          Diane Perry

24   Firmwide:85212786.1 008313.1143

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

                                    PROOF OF SERVICE

1

## PROOF OF SERVICE BY MAIL

2          I am employed in Contra Costa County, California. I am over the age of eighteen

3   years and not a party to the within-entitled action. My business address is Treat Towers, 1255 Treat

4   Boulevard, Suite 600, Walnut Creek, California 94597. I am readily familiar with this firm's

5   practice for collection and processing of correspondence for mailing with the United States Postal

6   Service. On **May 14, 2008**, I placed with this firm at the above address for deposit with the United

7   States Postal Service a true and correct copy of the within document(s):

8                    **NOTICE OF REMOVAL OF CIVIL ACTION**
                     **UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)**
9

10          in a sealed envelope, postage fully paid, addressed as follows:

11

Michael C. Cohen, Esq.
12   Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
13   Oakland, CA 94612

14   (*Attorney for Plaintiff*)

15          Following ordinary business practices, the envelope was sealed and placed for

16   collection and mailing on this date, and would, in the ordinary course of business, be deposited with

17   the United States Postal Service on this date.

18          I declare that I am employed in the office of a member of the bar of this court at

19   whose direction the service was made.

20          Executed on **May 14, 2008**, at Walnut Creek, California.

21

22

23                                                                   Diane Perry

24   Firmwide:85212443.1 008313.1143

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

PROOF OF SERVICE