JEFFREY L. ADAMS, Bar No. 148393
LITTLER MENDELSON
A Professional Corporation
1255 Treat Blvd., Suite 600
Walnut Creek, CA  94597
Telephone:    (925) 932-2468
Facsimile:     (925) 946-9809
Email:   jadams@littler.com

Attorneys for Defendant
TELECARE CORPORATION

MICHAEL C. COHEN, ESQ.
LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900
Oakland, CA   94612
Telephone:   (510) 832-6436
Email:   mcohen@cohenlegalfirm.com

Attorneys for Plaintiff
MICHELLE FRANCIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE FRANCIS,<br><br>              Plaintiff,<br><br>       v.<br><br>TELECARE CORPORATION,<br>DOES 1 through 10,<br><br>              Defendants. | Case No. CV 08 2468 BZ<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT** |

The parties to the above-entitled action jointly submit this Joint Case Management Statement pursuant to the Court's Standing Order Regarding Case Management Statements.

**1.     Jurisdiction and Service**

Plaintiff Michelle Francis filed her original complaint in The Superior Court of California, County of Alameda and Defendant Telecare timely removed the case to this court on May 14, 2008.   This court has original jurisdiction of this case because the lawsuit arises under

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

federal law. Plaintiff's complaint alleges, *inter alia*, causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Specifically, Plaintiff alleges discrimination on the basis of race and other violations under Title VII. Because these claims arise under the laws of the United States, this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. §1441(b). Plaintiff's additional claims for discrimination on the basis of race and other violations under the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 *et seq.* fall within the court's supplemental jurisdiction. 28 U.S.C. §1367(a).

**2.    Alleged Facts**

Francis alleges in her complaint that she started working for Telecare in November 2000 and that she voluntarily terminated her employment on or about May 18, 2006. She further alleges that she requested Telecare to distribute her Employee Stock Option Plan ('ESOP") money in December 2006, March 2007 and April 2007 and that Telecare advised her that it would be sending her an ESOP packet and that she should have her distribution by the end of June 2007. Francis further alleges that she complained to the Department of Labor that Telecare was unfairly refusing to distribute her ESOP money and that Telecare changed its distribution plan policy after Francis quit her employment. She alleges that she has not received either her ESOP packet or her ESOP money. And that other non African American employees whose employment terminated with Telecare after Francis' employment was terminated have received their ESOP distribution before their plan year end date. Francis alleges that Telecare applied its distribution plan policy in a discriminatory manner because of Francis' race and in retaliation against Francis for complaining to the Department of Labor and that Telecare was motivated by Francis' race and or retaliation against Francis for filing a complaint for unlawful discrimination.

Telecare denies Francis' allegations and further responds that the third party administrator responsible for receiving ESOP plan distribution instructions from employees and ex-employees of Telecare acted in a non-discriminatory manner and certainly not on account of Ms. Francis' race.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2.
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**3.     Legal Issues**

1. Whether Telecare violated Title VII in respect to Francis' ESOP distribution.

2. Whether Telecare violated FEHA in respect to Francis' ESOP distribution.

3. Whether Francis' claims are barred in whole or in part by the applicable statute of limitation found in California Government Code §§ 12960 and 12965 and in 42 U.S.C.

4. Whether Francis' claims are barred in whole or in part by reason of her failure to timely or otherwise exhaust her administrative remedies.

5. Whether any recovery by Plaintiff herein must be offset by the amount which Plaintiff did recover or could have, through reasonable efforts, recovered in mitigation of her alleged injuries.

6. Whether Francis' claims are barred in whole or in part by Plaintiff's own unclean hands, equitable and/or judicial estoppel and/or the waiver doctrine.

7. Whether the claims Francis' set forth in her complaint which are not encompassed in her complaints, if any, filed with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission are barred for failure to exhaust administrative remedies with respect thereto.

8. Whether Francis filed this action after the time allotted to her in any notice of right to sue provided to her by the Equal Employment Opportunity Commission, thus barring said claims.

9. Whether Francis filed this action the time allotted to her in any notice of right to sue provided to her by the California Department of Fair Employment and Housing, thus barring said claims.

10. Whether Telecare's actions about which Francis complains were just, fair, privileged, justified, non-discriminatory and for legitimate reasons.

11. Whether Telecare's conduct of which Plaintiff complains was required by business necessity.

12. Whether Francis' claims are barred, or her recovery of damages must be reduced or denied, under the doctrine of after-acquired evidence.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

3.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

13. Whether Francis' claims are preempted in whole or in part by the Employee Retirement Income Security Act, 29 U.S.C. § 1144(a) and /or 29 U.S.C. § 1132(a).

**4.     Motions**

There are no prior or pending motions in this matter. Telecare anticipates filing a Rule 12(b)(6) motion and/or a motion for summary judgment.

**5.     Amendment of Pleadings**

Telecare does not at this time anticipate a request to amend its pleadings but reserves the right to make such a request if discovery discloses facts that would warrant such a request for an amendment.

**6.     Evidence Preservation**

Telecare has taken steps to preserve evidence relevant to this case.

**7.     Disclosures**

The parties have agreed to exchange initial disclosures no later than August 22, 2008.

**8.     Discovery**

Discovery has not yet been propounded by either party. The parties will be propounding initial discovery requests and responding thereto in preparation for the ENE conference the parties would like to schedule in November. The parties have agreed to a discovery cut-off date (excluding expert discovery) of April 30, 2009.

**9.     Class Actions**

Francis has not alleged a class action.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiff requests emotional distress damages in the amount of $300,000, and all monies owed to her pursuant to the employee stock option plan, punitive damages in the amount of $600,000, and attorney's fees in the amount of $50,000.

Telecare responds that there is no basis for such alleged damages, and that damages and attorneys' fees must be calculated as provided by law.

4.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**12.   Settlement and ADR**

The parties have agreed to participate the court sponsored early neutral evaluation process and plan to do so by the end of November, after initial discovery is exchanged.

**13.   Consent to Magistrate Judge**

Telecare consents to Magistrate Zimmerman presiding over this case.

**14.   Other References**

Telecare does not believe that another reference is useful at this time.

**15.   Narrowing of Issues**

It is unclear at present which of the issues listed above in paragraph 3 can potentially be narrowed by agreement and/or motion after initial discovery.  However, the parties are confident that such narrowing can take place at that time.

**16.   Expedited Schedule**

Expedited scheduling is not appropriate for this case.

**17.   Scheduling**

The parties have agreed to the following schedule:

| | |
|---|---|
| Initial Disclosures: | On or before August 22, 2008 |
| Initial Discovery: | Prior to ENE Conference |
| ENE Conference: | On or before November 30, 2008 |
| Non-Expert Discovery Deadline: | April 30, 2009 |
| Motion for Summary Judgment | June 15, 2009 (filing deadline) |
| Motion for Summary Judgment | July 31, 2009 (hearing deadline) |
| Trial | October, 2009 |

**18.   Trial**

Plaintiff requests a jury trial.

Telecare does not request a jury trial.

/ / /

/ / /

/ / /

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

5.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**19.    Disclosure of Non-party Interested Entities or Persons**

The parties know of no non-party interested entities or persons.

Dated:  August ___, 2008                   /s/ Jeffrey L. Adams
JEFFREY L. ADAMS (#148393)
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
TELECARE CORPORATION

Dated:  August ___, 2008                   /s/ Michael C. Cohen
MICHAEL C. COHEN (#65487)
LAW OFFICES OF MICHAEL C. COHEN
Attorneys for Plaintiff
MICHELLE FRANCIS

Firmwide:86207281.1 008313.1143

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

6.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT