UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE FRANCIS,<br>　　　Plaintiff(s),<br>　v.<br>TELECARE CORPORATION,<br>　　　Defendant(s). | No.  C08-2468 BZ<br><br>**ORDER ON DEFENDANT'S MOTION FOR PREVAILING PARTY ATTORNEYS' FEES** |

Defendant Telecare Corporation ("defendant") has moved for $170,520.76 in attorneys' fees pursuant to the fee shifting provisions set forth in 42 U.S.C. § 2000e-5(k), which provides that the court, in its discretion, may allow the prevailing party reasonable attorneys' fees as costs.[1]  I find this motion suitable for disposition without further briefing

---

[1]  California Government Code section 12965(b), under which plaintiff Michelle Francis also brought claims, likewise authorizes an award of attorneys' fees to the prevailing party in any action brought under the Fair Employment and Housing Act (FEHA).  See Cal. Gov. Code § 12965(b).  In exercising its discretion under section 12965 to award fees and costs to a prevailing defendant, the court must adhere to the standards for attorneys' fee awards under Title VII, as set forth by the United States Supreme Court in Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978). See Cummings v. Benco Building Services, 11 Cal. App. 4th 1383, 1386-87 (1992).

or argument, as I am familiar with the facts of this case, having presided over it since its inception and having ruled on defendant's motion for summary judgment.  For the reasons stated below, defendant's motion is **DENIED**.

A district court can award attorneys' fees to a prevailing defendant in Title VII actions only upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg, 434 U.S. at 421.  To make this evaluation, the court must assess whether the plaintiff could reasonably have believed that he or she had an adequate basis in law and fact to pursue his or her claim.  *See* Mitchell v. Office Of Los Angeles Co. Sup't Of Schools, 805 F.2d 844, 846-47 (9th Cir. 1986), *cert denied*, 484 U.S. 858 (1987). Such a finding, however, cannot result solely because the plaintiff did not ultimately prevail on the merits of the lawsuit.  "Even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit . . . . Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg." Hughes v. Rowe, 449 U.S. 5, 16-17 (1980). Indeed, "the Supreme Court has declared that a prevailing defendant is entitled to attorneys' fees only in very narrow circumstances." Eichman v. Linden & Sons, Inc., 752 F.2d 1246, 1248 (7th Cir. 1985) (citing Christiansburg, 434 U.S. at 421-22).  In fact, "so long as the plaintiff has 'some basis'

2

for the discrimination claim, a prevailing defendant may not recover attorneys' fees." <u>EEOC v. Kenneth Balk & Assocs., Inc.</u>, 813 F.2d 197, 198 (8th Cir. 1987); *see also* <u>Obin v. Dist. No. 9 of International Ass'n of Machinists</u>, 651 F.2d 574, 587 (8th Cir. 1981).

Although I ultimately dismissed plaintiff's claims on summary judgment, they were certainly not "frivolous, unreasonable or with foundation." Inasmuch as defendant was the source of the misinformation given to plaintiff regarding when she would be eligible to receive her ESOP distribution payments, there is little justification for awarding defendant attorneys' fees. Moreover, plaintiff was able to assert a *prima facie* case for discrimination, and while there may have been no direct evidence of racial discrimination, plaintiff was able to assert circumstantial evidence of an adverse employment action, demonstrating that the case was not incontrovertibly unreasonable. For these reasons, defendant's motion for prevailing party attorneys' fees is **DENIED**. The hearing scheduled for **August 12, 2009** is **VACATED**.

Dated: July 2, 2009

                                            Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\-BZCASES\FRANCIS\ORDER DENYING D'S MOT FOR ATTYS FEES.wpd